UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYNARD HOWE, JR.,<br><br>Defendant. | 3:23-CR-30033-RAL<br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO DISMISS COUNT III OF INDICTMENT |

In this assault and firearm case, Raynard Howe, Jr. moves to dismiss one of the counts of his indictment or, in the alternative, to strike the assault resulting in serious bodily injury (ARSBI) allegation from it. The government agrees to remove the ARSBI reference but resists dismissal of the count altogether. Because the other predicate offense charged in the count—assault with a dangerous weapon (ADW)—is a "crime of violence" under the "elements" clause of 18 U.S.C. § 924(c)(1)(A), the Court recommends that Howe's motion be granted in part and denied in part.

1

**BACKGROUND**

Howe is charged with three felony offenses: ADW (count I), ARSBI (count II), and discharging a firearm during and in relation to a crime of violence (count III).[1] The firearm charge alleges the ADW and ARSBI offenses as the predicate crimes of violence.[2] Howe seeks dismissal of the firearm charge (count III), arguing that under the categorical approach, the two assault offenses are elementally broader than § 924(c)(1)(A)'s "physical force" requirement and are not crimes of violence because they can be committed recklessly.[3] He alternatively contends that, at a minimum, the reference to the ARSBI offense being a crime of violence should be stricken from the charge.[4] The government consents to striking the ARSBI allegation but insists that the charge is maintainable because ADW qualifies as a crime of violence.[5] The sole issue then is whether ADW is a crime of violence as defined and interpreted under federal law.

**DISCUSSION**

**A. Crime of Violence**

For purposes of § 924(c), a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or

---

[1] Docket No. 1.
[2] *Id.* at 2.
[3] Docket Nos. 39, 40.
[4] *Id.*
[5] Docket No. 41.

property of another[.]"[6] "Physical force" means "force capable of causing physical pain or injury."[7]

The terms "violent felony" in the Armed Career Criminal Act (ACCA)[8] and "crime of violence" in the Sentencing Guidelines are interchangeable and treated the same.[9] An offense that requires a mens rea of ordinary recklessness is not a violent felony under the ACCA.[10] To qualify as a violent felony (and thus as a crime of violence), the offense's "least serious conduct" must "fall[] within the elements clause."[11]

### B. Categorical Approach

A court must apply a "categorical approach" to determine whether the predicate offense qualifies as a crime of violence.[12] Under this approach, the court must compare the elements of the offense with the force edicts of the statute.[13] The only relevant question is whether the offense requires the government to prove—beyond a reasonable doubt, as an element of the case—the force referred to in § 924(c)(3)(A).[14]

---

[6] 18 U.S.C. § 924(c)(3)(A).
[7] *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019).
[8] 18 U.S.C. § 924(e).
[9] *United States v. Clark*, 1 F.4th 632, 635 (8th Cir. 2021).
[10] *Borden v. United States*, 141 S. Ct. 1817, 1821-22 (2021); *see also United States v. Hoxworth*, 11 F.4th 693, 695-96 (8th Cir. 2021) (summarizing *Borden*'s holding).
[11] *Borden*, 141 S.Ct at 1832.
[12] *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).
[13] *Id.*
[14] *Id.*

### C. Elements of ADW

To commit the crime of ADW, a defendant must (1) assault another person "with the specific intent to cause bodily harm" and (2) "use[] a dangerous weapon."[15] An "assault" is (1) "any intentional and voluntary attempt or threat to injure another [], combined with the apparent present ability to do so, which is sufficient to put the other person in fear of immediate bodily harm" or (2) "any intentional and voluntary harmful and offensive touching of another[] without justification or excuse."[16] A "dangerous weapon" is "an object with the capacity to endanger life or inflict bodily harm and used in a manner likely to do so."[17]

### D. Application

The ADW offense alleged in Howe's firearm charge is a crime of violence under § 924(c)(3)(A)'s elements clause. He is charged with discharging a firearm "during and in relation to" an ADW offense.[18] The offense criminalizes assault committed with a dangerous weapon and with the specific intent to do someone bodily harm.[19] The least serious form of the offense is the intentional threat to injure another person, sufficient to engender fear of immediate bodily harm, which necessarily entails the "threatened use

---

[15] *Eighth Circuit Model Jury Instruction (Criminal)* § 6.18.113(3) (2021); *see also United States v. Bordeaux*, 570 F.3d 1041, 1047-48 (8th Cir. 2009) (specific intent to cause injury necessary to commit offense).
[16] *Eighth Circuit Model Jury Instruction (Criminal)* § 6.18.113(3) (stating what "assault" means).
[17] *Id.* (defining "dangerous weapon").
[18] Docket No. 1 at 2.
[19] 18 U.S.C. § 113(a)(3); *Bordeaux*, 570 F.3d at 1047.

4

of physical force" needed to qualify as a crime of violence.[20] Courts addressing the issue have uniformly held that ADW categorically satisfies the force component of the elements clause and is a crime of violence.[21]

Howe's claim that the ADW offense can be committed with ordinary recklessness[22] has no merit. The offense requires proof of specific intent to cause bodily harm.[23]

## CONCLUSION

The ADW offense Howe is alleged to have committed in the firearm charge involves the "use of physical force against the person . . . of another" and is a crime of violence under the categorical approach. And the offense requires specific intent before it can be committed, not mere recklessness. Because ADW is a proper predicate offense for Howe's § 924(c)(1)(A) charge, the government may prosecute him for discharging a firearm "during and in relation to" the offense—but only for that offense (not the ARSBI offense).

---

[20] *See United States v. Gobert*, 943 F.3d 878, 882 (9th Cir. 2019).
[21] *See, e.g., United States v. Muskett*, 970 F.3d 1233, 1241-42 (10th Cir. 2020); *Gobert*, 943 F.3d at 879, 881-82; *Kieffe v. United States*, No. 5:19-CV-5067-CBK, 2022 WL 1500653, at *4 (D.S.D. May 12, 2022); *Ali v. United States*, No. 2:16cv393, 2019 WL 4261111, at *3 (E.D. Va. Sept. 5, 2019); *United States v. Castillo*, No. CR 12-02836 JCH, 2019 WL 1041336, at *4-5 (D.N.M. Mar. 5, 2019); see *also United States v. Bad Wound*, No. CR. 17-50099-JLV, 2020 WL 58043, at *2 (D.S.D Jan. 3, 2020) (stating that ADW "would qualify as a 'crime of violence' under § 924(c)(1)(A) because the offense 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'").
[22] *See* Docket No. 40 at 6.
[23] *See Bordeaux*, 570 F.3d at 1047; *Kieffe*, 2022 WL 1500653, at *4; *United States v. Steele*, No. CR 07-10004, 2008 WL 11464734, at *1-2 (D.S.D. Feb. 25, 2008), *aff'd*, 550 F.3d 693 (8th Cir. 2008).

## RECOMMENDATION

In accordance with the authorities and legal analysis set forth in this report, and the record now before the Court, it is

RECOMMENDED that Howe's motion to dismiss count III of the indictment[24] be granted in part and denied in part. The motion should be granted to the extent that it seeks to strike the ARSBI allegation in the count, but denied in all other respects.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[25] Unless an extension of time for cause is later obtained,[26] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[27] Objections must "identify[] those issues on which further review is desired[.]"[28]

DATED this 27th day of December, 2023.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[24] Docket No. 39.
[25] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).
[26] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).
[27] *See Thompson*, 897 F.2d at 357; *Nash*, 781 at 667.
[28] *Arn*, 474 U.S. at 155.