UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYNARD HOWE JR.,<br><br>Defendant. | 3:23-CR-30033-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

**I.     Background**

Defendant Raynard Howe Jr. was indicted on three counts: (I) assault with a dangerous weapon, (II) assault resulting in serious bodily injury, and (III) carrying or possessing a firearm during and in relation to a crime of violence and discharging said firearm during the offense. Doc. 1. Howe moved to dismiss Count III for failing to state an offense, arguing that assault resulting in serious bodily injury cannot serve as a predicate offense for a "crime of violence" under 18 U.S.C. § 924(c) because it "requires only a general intent to commit the acts of assault, and not a specific intent to do bodily harm." Doc. 40 at 4. Howe posits that the same argument applies to an assault with a dangerous weapon. Doc. 40 at 7. The United States concedes that an assault resulting in serious bodily injury is not a crime of violence and joins Howe's motion to the extent that it seeks to strike the "assault resulting in serious bodily injury" language from Count III of the Indictment. Doc 41 at 1. The United States, however, maintains that an assault with a dangerous weapon is a crime of violence under §924(c). Id. at 3.

1

Magistrate Judge Mark A. Moreno entered a Report and Recommendation for Disposition of the Motion to Dismiss Count III of the Indictment, Doc. 42, recommending that this Court deny Howe's motion to dismiss Count III of the Indictment for failing to state an offense but grant his request to strike the "assault resulting in serious bodily injury" language from Count III of the Indictment. Doc. 42 at 5. Howe objected to the Report and Recommendation's legal conclusion that an assault with a dangerous weapon constitutes a crime of violence under 18 U.S.C. § 924(c). Doc. 43.

II.     **Standard of Review**

A district court reviews a report and recommendation under the standards provided in 28 U.S.C. § 636(b)(1), which states that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

III.    **Discussion**

This Court has reviewed the Report and Recommendation de novo and agrees with its conclusion. Accepting the United States' concession that an assault resulting in serious bodily injury is not a crime of violence under 18 U.S.C. § 924(c), the only question left is whether an assault with a dangerous weapon is a crime of violence as used in § 924(c).

Section 924(c) of Title 18 of the United States Code provides enhanced punishments for individuals who use or carry a firearm in furtherance of a crime of violence. A "crime of violence" is a felony offense that "has as an element the use, attempted use, or threatened use of physical

force against the person or property of another[.]"[1] 18 U.S.C. § 924(c)(3)(A). Physical force is understood to be "force capable of causing physical pain or injury." Stokeling v. United States, 139 S. Ct. 544, 554 (2019) (citation omitted).

After United States v. Borden, 141 S. Ct. 1817 (2021), a felony offense that can be completed with a mens rea of mere recklessness cannot be a crime of violence under § 923(c)(1)(A). The Borden plurality held that crimes only requiring that an act be done "recklessly" do not qualify as violent felonies under the elements clause of § 924(e)(2)(B)(i), a statute with near identical language to § 924(c)(3)(A), because the "phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his attention at, or target, another individual," which is impossible when a person acts only recklessly. Id. at 1825. Therefore, to qualify as a crime of violence, the felony offense must require the "government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of physical force." United States v. Taylor, 142 S. Ct. 2015, 2020 (2022).

Count I of the Indictment charges Howe with assault with a dangerous weapon under 18 U.S.C. § 113(a)(3). "The elements of Assault with a Dangerous Weapon require that the defendant: 1) assault the victim; 2) intend to do bodily harm; and 3) use a dangerous weapon to commit the assault." United States v. Herron, 539 F.3d 881, 886 (8th Cir. 2008). An "assault" is defined as (1) "any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in fear of

---

[1] 18 U.S.C. § 924(c)(3) also defines a crime of violence as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court of the United States held the clause to be unconstitutionally vague. This Court thus confines its analysis to § 924(c)(3)(A), the "elements clause." See United States v. Taylor, 142 S. Ct. 2015, 2019 (2022) (noting how § 924(c)(3)(A) is colloquially referred to as the "elements clause").

3

immediate bodily harm[,]" or (2) "any intentional and voluntary harmful and offensive touching of another person without justification or excuse."  See Eighth Circuit Model Jury Instruction (Criminal) § 6.18.113(3); see also United States v. Yates, 304 F.3d 818, 821–22 (8th Cir. 2002) (noting "assault" refers to the common-law definition which includes battery).  The crime of assault with a dangerous weapon therefore adds two necessary elements to the definition of assault: (1) the intent to do bodily harm, and (2) the use of a dangerous weapon.  18 U.S.C. § 113(a)(3); see also United States v. Muskett, 970 F.3d 1233, 1241 (10th Cir. 2020).

      Viewed in its entirety, a defendant cannot commit an assault with a dangerous weapon without at least (1) attempting to injure another person with a dangerous weapon while having the specific intent to do bodily harm, or (2) threatening to injure another person with a dangerous weapon while having the specific intent to do bodily harm and having the present ability to do such harm, thus causing the other person to apprehend immediate bodily harm.  See Eighth Circuit Model Jury Instruction (Criminal) § 6.18.113(3) (citing United States v. Youngman, 481 F.3d 1015, 1020 (8th Cir. 2007)); Muskett, 970 F.3d at 1241.  Accordingly, an assault with a dangerous weapon qualifies as a crime of violence under § 924(c) because the "government must prove—beyond a reasonable doubt, as an element of the case—the use, attempted use, or threatened use of physical force[.]"  Taylor, 142 S. Ct. at 2020; 18 U.S.C. § 924(c)(3)(A).  See, e.g., Kieffe v. United States, No. 5:19-CV-5067-CBK, 2022 WL 1500653 (D.S.D. May 12, 2022); United States v. Bad Wound, No. 5:17-CR-50099-JLV, 2020 WL 58043 (D.S.D. Jan. 3, 2020).

### IV.   Conclusion

      For the aforementioned reasons, it is hereby

ORDERED that Defendant Raynard Howe Jr.'s objections to the Report and Recommendation, Doc. 43, are overruled, and the December 27, 2023 Report and Recommendation, Doc. 42, is adopted. It is further

ORDERED that Defendant Raynard Howe Jr.'s Motion to Dismiss Count III of the Indictment, Doc. 39, is denied, but his request to strike the "assault resulting in serious bodily injury" language from Count III is granted.

DATED this 11th day of January, 2024.

BY THE COURT:

*/s/ Roberto A. Lange*

ROBERTO A. LANGE
CHIEF JUDGE